IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:24-CR-102-TAV-JEM |
|  | ) |  |
| JAMES ALLEN MICHAELS, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MEMORANDUM AND ORDER**

This case is before the undersigned on the Government's Motion for Pre-hearing Disclosure [Doc. 31]. *See* 28 U.S.C. § 636(b). Defendant James Michaels is charged with a single count of being a felon in possession of a firearm and ammunition on July 4, 2024, in violation of 18 U.S.C. § 922(g)(1) [Doc. 3 p. 1]. Defendant filed a Motion to Dismiss Indictment, seeking an evidentiary hearing on whether he is "dangerous" such that his Second Amendment right to possess a firearm for self-defense may be curtailed and objecting to the Sixth Circuit's decision in *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024) [Doc. 23 p. 1].[1] The Government responded that Defendant's prior convictions and offense conduct show that he is dangerous and that no evidentiary hearing is needed because Defendant does not dispute the fact of his prior convictions [Doc. 28 pp. 1–2]. In reply, Defendant asserts that under *Williams*, "he is entitled to an individualized 'fact-specific' determination of dangerousness" [Doc. 30 p. 1]. He argues that his prior convictions committed decades ago do not show that he is currently dangerous, and he disputes the Government's assertion that he was the aggressor in the circumstances underlying the charged offense [*Id.*].

---

[1] The undersigned permitted Defendant to file the motion after the expiration of the motion deadline without opposition and for good cause shown [Doc. 27].

The undersigned set a hearing on Defendant's motion for May 28, 2025, and the Government challenges the need for and scope of that hearing [Doc. 31 p. 1]. It maintains that (1) a hearing is not necessary because Defendant's prior convictions show Defendant is dangerous, (2) Defendant bears the burden of proof in an evidentiary hearing, (3) the Court may consider Defendant's criminal record and recent conduct in assessing dangerousness, and (4) the Court should require Defendant to disclose the evidence and witnesses he intends to present at the hearing [*Id.*]. Defendant responds that *Williams* entitles him to a hearing at which he will show that his prior convictions, which are over twenty years old, do not show he is currently dangerous, nor do the circumstances surrounding the current charge or his more recent criminal history [Doc. 33 p. 1].

The undersigned finds an evidentiary hearing is warranted and declines to order the extent of disclosure sought by the Government. Instead, the Court will require both parties to identify their witnesses and exhibits forty-eight hours prior to the hearing.

I.      **EVIDENTIARY HEARING**

In *Williams*, the Court of Appeals held "that § 922(g)(1) is constitutional on its face and as applied to dangerous people." 113 F.4th at 662–63. With respect to as-applied challenges, as here, it explained that, "for centuries," a disarmed felon "could demonstrate that their particular possession of a weapon posed no danger to peace." *Id.* at 657. "The relevant principle from our tradition of firearms regulation is that, when the legislature disarms on a class-wide basis, individuals must have a reasonable opportunity to prove that they don't fit the class-wide generalization." *See also id.* at 661.

In an as-applied challenge to § 922(g)(1), the defendant shoulders the burden to show that he is not dangerous. *Id.* at 657; *id.* at 662 ("[I]n an as-applied challenge to § 922(g)(1), the burden

2

Case 3:24-cr-00102-TAV-JEM     Document 34     Filed 05/22/25     Page 2 of 5     PageID #: 110

rests on [the defendant] to show he's not dangerous."). When a court determines whether a defendant is dangerous, it "must focus on each individual's specific characteristics" and must "consider[] the individual's entire criminal record—not just the predicate offense" to the § 922(g)(1) charge. *Id*. at 657, 659–60 ("The dangerousness determination will be fact-specific, depending on the unique circumstances of the individual defendant."). "Courts may consider any evidence of past convictions in the record, as well as other judicially noticeable information—such as prior convictions—when assessing a defendant's dangerousness." *Id*. at 660.

That the Court of Appeals in *Williams* did not remand for an evidentiary hearing but, instead, determined the defendant's dangerousness based upon his criminal record, does not mean that an evidentiary hearing is foreclosed when a defendant's prior convictions show him or her to be a danger. While "a court can accept prior convictions without an evidentiary hearing or jury fact finding," *id*. at 662 (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 228–39 (1998)), the Court of Appeals did not require the district courts to limit evidence to prior convictions alone, *id*. at 663. Rather, it instructed that "district courts should make fact-specific dangerousness determinations after taking account of the unique circumstances of the individual, including details of his specific conviction[, and] . . . may evaluate a defendant's entire criminal record—not just the specific felony underlying his section 922(g)(1) prosecution." *Id*.

Here, the Court finds that an evidentiary hearing is warranted. Defendant Michaels seeks to show that his prior convictions for robbery, which were committed over twenty years ago, "do not support a finding that he is currently dangerous" [Doc. 30 p. 1; *see also* Doc. 33 p. 1]. He seeks to dispute the Government's account of the circumstances underlying the charge in this case [Doc. 30 p. 1; Doc. 33 p. 1]. And he "submits that his recent criminal history would not qualify

3

him as dangerous" [*Id.*]. As the Government observes, Defendant bears the burden of showing that he is not dangerous [Doc. 31 p. 2]. He will have that opportunity at the evidentiary hearing.

## II. PREHEARING DISCLOSURE

The Government asks the Court to require Defendant to disclose the evidence and witnesses he intends to present at the evidentiary hearing [Doc. 31 pp. 4–5]. In this regard, it seeks "(a) the name and phone number of any expected witness, along with a summary of the expected testimony; (b) a true copy of any document or recording to be presented at the hearing; and (c) access to any other evidentiary items to be presented at the hearing" [*Id.*]. The Government likens the requested disclosure to a defendant's obligation to disclose pretrial an affirmative defense such as alibi, insanity, or public-authority [*Id.* at 5 (citing Fed. R. Crim. P. 12.1, 12.2 & 12.3)]. It argues that pretrial disclosure will avoid interruption or delay in the hearing, permit it to prepare for meaningful adversary testing of Defendant's evidence, and promote the fair and efficient administration of justice [*Id.* at 4–5].

The Government points to no rule or case mandating prehearing disclosure of defense witnesses or evidence. The authority cited by the Government is designed to avoid surprise at trial and does not speak to pretrial evidentiary hearings. Nevertheless, the Court finds it appropriate here to require disclosure of the evidence and witnesses Defendant intends to present to mitigate any delay during the hearing, allow the parties to prepare for cross-examination, and foster the fair and efficient administration of justice. *United States v. Presser*, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988) (noting a trial court's "inherent power to . . . compel[] the disclosure of specific evidence when justice requires"). The Court further finds disclosure forty-eight hours in advance of the hearing should be sufficient for these purposes.

4

### III.     CONCLUSION

In summary, the Court **ORDERS** as follows:

(1) the Government's request to cancel the evidentiary hearing on Defendant's dangerousness is **DENIED**;

(2) the Government's Motion for Pre-Hearing Disclosure [**Doc. 31**] of Defendant's evidence and witnesses is **GRANTED in part** in that the parties shall, forty-eight hours before the hearing by email to the courtroom deputy with counsel for the opposing party copied, disclose the names of witnesses and identify documents and other evidence that they will introduce at the evidentiary hearing on dangerousness.

**IT IS SO ORDERED**.

ENTER:

_____
Jill E. McCook
United States Magistrate Judge