IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:24-CR-102-TAV-JEM |
| JAMES ALLEN MICHAELS, | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This case is before the undersigned for report and recommendation on Defendant James Michaels's Motion to Dismiss Indictment [Doc. 23]. *See* 28 U.S.C. § 636(b). Defendant is charged with a single count of being a felon in possession of a firearm and ammunition on July 4, 2024, in violation of 18 U.S.C. § 922(g)(1) [Doc. 3 p. 1]. Defendant filed a Motion to Dismiss Indictment, seeking an evidentiary hearing on whether he is "dangerous" such that his Second Amendment right to possess a firearm for self-defense may be curtailed and objecting to the Sixth Circuit's decision in *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024) [Doc. 23 p. 1].[1] The Government responded that Defendant's prior convictions and offense conduct show that he is dangerous and that no evidentiary hearing is needed because Defendant does not dispute the fact of his prior convictions [Doc. 28 pp. 1–2]. In reply, Defendant asserts that under *Williams*, "he is entitled to an individualized 'fact-specific' determination of dangerousness" [Doc. 30 p. 1]. He argues that his prior convictions committed decades ago do not show that he is currently dangerous, and he disputes the Government's assertion that he was the aggressor in the circumstances underlying the charged offense [*Id.*].

---

[1] The undersigned permitted Defendant to file the motion after the expiration of the motion deadline without opposition and for good cause shown [Doc. 27].

The undersigned finds Defendant's prior criminal history shows him to be dangerous—a finding that is corroborated by Defendant's recent criminal history and the circumstances underlying the charged offense. For these reasons and because the Court is bound by the *Williams* decision, the District Judge should **DENY** Defendant's motion to dismiss the charge.

I.   BACKGROUND

Defendant is charged in a one-count Indictment with being a felon in possession of a firearm [Doc. 3]. Specifically, it is alleged that on or about July 4, 2024, Defendant, knowing that he had previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) [*Id.*]. Defendant now moves to dismiss the Indictment for failure to state an offense [Doc. 23]. He claims that he is not currently "dangerous" and therefore not subject to § 922(g)(1), and he requested a hearing to show that he is not [*Id.* at 7]. Defendant also asserts various arguments in support of his position that the Court of Appeals wrongly decided *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024) (application for cert. filed Nov. 15, 2024).[2] The Government opposes the assertion that Defendant is not currently dangerous, as well as Defendant's request for a hearing [Doc. 28].

In a separate Memorandum and Order, the undersigned found that *Williams*'s requirement that the court make specific determination of dangerousness by reviewing a defendant's particular circumstances and criminal history, warrants a hearing [*Id.* at 3–4 (citing *Williams*, 113 F.4th at 657, 659–60 & 662–63)]. The parties appeared for a hearing on May 28, 2025

---

[2]   Defendant criticizes the Court's analysis of historical analogues [Doc. 23 pp. 7–12], its failure to define the term "dangerous" [*id*. at 12–14], and the alleged procedural problems created by the dangerousness test [*id*. at 14–17]. The undersigned does not summarize the details of Defendant's arguments in this regard here given the ruling below.

[Doc. 36]. Assistant United States Attorneys Michael Gilmore and Samuel Fitzpatrick were present on behalf of the United States, and Assistant Federal Defender Ben Sharp was present for Defendant, who also appeared [*Id.*].

At the hearing, Defendant reiterated his disagreement with *Williams* but expressed understanding that this Court is bound by that decision. Defendant also conceded that, under *Williams*, if the robbery convictions from the early 2000s would have been closer in time, Defendant would qualify as dangerous. But, he argued, significant time has passed, and Defendant is a different individual today. Defendant further argued that his more recent convictions were misdemeanors, which would not have put him into a prohibited status, and that the charges underlying this offense have not yet been adjudicated and there are discrepancies between the 911 reports and officer reports.

The Government asserted that *Williams* controls. Under *Williams*, Defendant has the burden to show he is not dangerous, and he offered no evidence to show he is not a danger. Looking at Defendant's entire criminal history,[3] the Government argued, Defendant is dangerous. It claimed even Defendant's misdemeanors convictions show he is a danger.

Following the hearing, the Court took the matter under advisement.

## II.     ANALYSIS

In *United States v. Williams*, the Court of Appeals held "that § 922(g)(1) is constitutional on its face and as applied to dangerous people." 113 F.4th at 662–63. With respect to as-applied challenges, it explained that "for centuries," a disarmed felon "could demonstrate that their

---

[3] The Government relied on ten state affidavits of complaint and judgments of conviction attached to its response [Docs. 28-1–28-10] and a police report from July 4, 2024 [Doc. 28-12] but informed the Court that it is not relying on one affidavit of complaint for which it could locate no corresponding judgment [Doc. 28-11]. The undersigned therefore does not consider that exhibit [Doc. 28-11].

3

particular possession of a weapon posed no danger to peace." *Id.* at 657. "The relevant principle from our tradition of firearms regulation is that, when the legislature disarms on a class-wide basis, individuals must have a reasonable opportunity to prove that they don't fit the class-wide generalization." *Id.* at 661.

The undersigned begins with Defendant's argument that the Court of Appeals wrongly decided *United States v. Williams*. *Williams* is binding precedent on this Court, and "in the absence of Supreme Court precedent directly on point, a district court should decline to 'underrrule' established circuit court precedent." *Johnson v. City of Detroit*, 319 F. Supp. 2d 756, 771 n.8 (E.D. Mich. 2004), *aff'd* 446 F.3d 614 (6th Cir. 2006). Defendant identifies various Supreme Court authority in his argument, but *Williams* came after and relied on that authority. Hence, Defendant's arguments lack merit here and are for another court, another day.

Turning to whether Defendant is dangerous, the Court of Appeals explained that a defendant shoulders the burden to show that he is not dangerous. 113 F.4th at 657 ("[I]n an as-applied challenge to § 922(g)(1), the burden rests on [the defendant] to show he's not dangerous."). When a court determines whether a defendant is dangerous, it "must focus on each individual's specific characteristics" and must "consider[] the individual's entire criminal record—not just the predicate offense" to the § 922(g)(1) charge. *Id.* at 657, 659–60 ("The dangerousness determination will be fact-specific, depending on the unique circumstances of the individual defendant."). "Courts may consider any evidence of past convictions in the record, as well as other judicially noticeable information—such as prior convictions—when assessing a defendant's dangerousness." *Id.* at 660.

The Court of Appeals further explained that "certain categories of past convictions are highly probative of dangerousness, while others are less so." *Id.* at 658. It set forth three categories

4

of crimes and noted that a court need not "find 'categorical' matches to show a defendant is dangerous." *Id.* at 660 (citation omitted).

The first category "is crimes against the person." *Id.* at 658 (citation omitted). "This historical category was filled with dangerous and violent crimes like murder, rape, assault, and robbery." *Id.* (citation omitted). The Court of Appeals said that "[o]ffenses in this category speak directly to whether an individual is dangerous." *Id.* "[T]here is little debate that violent crimes are at least strong evidence that an individual is dangerous, if not totally dispositive on the question." *Id.* A defendant's burden to show otherwise is "extremely heavy." *Id.*

The second category includes crimes that "put someone's safety at risk, and thus, justify a finding of danger." *Id.* at 659. It includes crimes such as drug trafficking and burglary. *Id.* "These crimes do not always involve an immediate and direct threat of violence against a particular person." *Id.* "[W]hile not strictly crimes against the person, [these crimes] may nonetheless pose a significant threat of danger." *Id.*

The final category includes "crimes like mail fraud or making false statements." *Id.* (citations omitted). "Often, such crimes cause no physical harm to another person or the community." *Id.* While this category "is the most challenging to address," the Court of Appeals "trust[ed that] district courts will have no trouble concluding that many of these crimes don't make a person dangerous." *Id.*

Here, Defendant's history shows he is dangerous. In 2001, Defendant was charged with aggravated robbery and robbery, and he pleaded guilty to simple robbery [Docs. 28-1 & 28-2]. It was alleged that he pointed a handgun at a motel clerk before forcibly taking money and his possessions [*Id.*]. While these charges were pending, Defendant committed another robbery by

forcibly entering a woman's vehicle, physically struggling with her, and taking her possessions [Docs. 28-3 & 28-4]. These convictions fall squarely within the first *Williams* category.

Defendant argues that the age of these convictions undercut their weight. But the Court of Appeals in *Williams* did not address how the age of a prior conviction should impact a district court's determination of "dangerousness" in an as-applied challenge. The Court of Appeals did, however, instruct the district courts to "evaluate a defendant's entire criminal record." *Id.* at 663. The undersigned therefore considers the entirety of Defendant's criminal history in its analysis. *Accord United States v. Pickett*, 757 F. Supp. 3d 813, 818 (M.D. Tenn. Nov. 21, 2024) (determining defendant's lengthy intervening time in prison and the repeated nature of his drug trafficking offenses diminished the impact of his argument that his convictions were over ten years old); *United States v. Bell*, 755 F.Supp.3d 992, 999 (E.D. Mich. Oct. 28, 2024) ("[A]lthough [defendant's] crimes are old, the repeated nature of his drug trafficking offenses indicates dangerousness."); *United States v. Smith*, No. 1:23-cr-83, 2024 WL 4453270, at *3 (E.D. Tenn. Oct. 9, 2024) ("[T]he Court cannot look past Defendant's multiple prior convictions for serious crimes[ in 2009 and 2016], even if his recent efforts to reverse course prove admirable."); *see also United States v. Lyle*, No. 23-cr-20098, 2024 WL 4819572, at *7–9 (E.D. Mich. Nov. 18, 2024) (finding a defendant dangerous where his prior drug trafficking convictions occurred in 2012 and 2016). *But see Bell*, 755 F. Supp. 3d at 1000 (finding single concealed weapon conviction from thirty years ago when defendant was eighteen years old is of "weak" probative value).

But even if the Court gives Defendant's prior convictions less weight because of their age, recent actions by Defendant show he remains a danger. In 2019, Defendant was convicted of introducing contraband into a penal facility in 2017 [Docs. 28-5 & 28-6]. Defendant possessed methamphetamine inside the jail, and when officers approached him, he attempted to destroy the

methamphetamine in the toilet [*Id.*]. This conviction falls within the second *Williams* category. And in 2019, Defendant pleaded guilty to four separate criminal offenses he committed between February 2017 and August 2019: forgery, possession of unlawful drug paraphernalia, misdemeanor aggravated assault, and misdemeanor assault – bodily injury [Docs. 28-7, 28-8, 28-9 & 28-10]. While the forgery conviction would not show a danger under the third category, it appears that Defendant possessed drug paraphernalia and committed physical assaults while this charge was pending [*See id.*].[4] Finally, with respect to the actions underlying the charge currently pending, in July 2024, Defendant is alleged to have threatened to kill a man and brandished a knife [Doc. 28-12]. Defendant is also alleged to have assaulted the victim by punching and pushing him, which resulted in injuries [*Id.*]. Defendant disputes that he was the aggressor, but the allegations reveal that, even if he was not, he responded with violence [*Id.*].

Aside from arguing points related to his criminal history, Defendant offered no evidence to show he is not dangerous, and the burden lies with him. Accordingly, and for the reasons discussed herein, the undersigned concludes Defendant fails to show that he is not dangerous. As such, § 922(g)(1) is not unconstitutional as applied to him.

## III. CONCLUSION

The undersigned finds Defendant's prior criminal history shows him to be dangerous. Additionally, the Court is bound by Sixth Circuit precedent on the facial constitutionality of

---

[4] The undersigned acknowledges that the misdemeanor convictions would not place Defendant in a prohibited status, but the Court can consider the convictions under *Williams* as part of Defendant's entire criminal history.

18 U.S.C. § 922(g)(1). Accordingly, the undersigned respectfully **RECOMMENDS** that the District Judge **DENY** Defendant's Motion to Dismiss Indictment [**Doc. 23**].[5]

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[5] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs*, 829 F.2d 1370, 1373 (6th Cir. 1987).